UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-                                **MEMORANDUM AND ORDER**
                                                      Case No. 98-CR-500-FB

FRANCISCO LAKE,

               Defendant.
---------------------------------------------------x

*Appearances:*
*For the United States:*                          *For the Defendant:*
JOSH HAFETZ                                  LETICIA M. OLIVERA
Assistant United States Attorney          Federal Defenders of New York
Eastern District of New York              One Pierrepont Plaza, 16th Floor
271 Cadman Plaza East                      Brooklyn, New York 11201
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

     In 1999 Francisco Lake pleaded guilty to two counts of Hobbs Act robbery, one count of possessing a controlled substance with the intent to distribute it, and one count of using a firearm during a drug trafficking offense. At the time of sentencing in 2004, the then-mandatory Guidelines range was 360 months to life. The Court imposed a term of 480 months—based on, among other things, "testimony that clearly implicate[d him] in the murders of four people," Tr. of May 12, 2004, at 18—plus a mandatory consecutive term of 60 months for the firearm offense, for a total sentence of 540 months. The Court later reimposed the same sentence after the Second Circuit remanded for reconsideration in light of *United States v. Booker*,

543 U.S. 220 (2005), and *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005). Lake has served approximately 24 years of his 45-year sentence and, with good-time credit, is eligible for release in 2036.

In 2014, the U.S. Sentencing Commission enacted Amendment 782, which lowered the base offense level for most drug offenses by two levels. Under the amendment, Lake's Guidelines range would be 292 to 365 months. With the mandatory 60-month firearm enhancement, his total sentencing range would be 352 to 425 months.

Shortly after enacting Amendment 782, the Sentencing Commission voted to make it retroactive. All parties agree that Lake is thereby eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Although Lake is eligible for a reduction, the decision whether to reduce his sentence—and, if so, by how much—are matters within the Court's discretion. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). Exercise of that discretion is to be guided by consideration of "the factors set forth in section 3553(a) to the extent that they are applicable," 18 U.S.C. § 3582(c)(2), and is subject only to the limitation that the resulting sentence cannot be less than the minimum sentence under the amended Guidelines. *See Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(2)(A)). In short, the Court can leave Lake's sentence unchanged or reduce it down to a minimum of 352 months.

The parties take the predictable positions. Lake argues for the minimum sentence of 352 months based principally on extensive efforts at rehabilitation during his incarceration. The government advocates for no reduction based principally on the extensive and violent nature of Lake's crimes, as well as his untruthfulness in a failed attempt to cooperate.

Having carefully considered these positions and the § 3553(a) factors underlying them, the Court finds that Lake's sentence should be reduced by 72 months. That reduction reflects, in part, the Sentencing Commissions revised view of the seriousness of Lake's drug offense and, in part, Lake's efforts at rehabilitation, which the Court can consider. *See United States v. Leonard*, 844 F.3d 102, 116-17 (2d Cir. 2016) (noting that district court's consideration "can be informed by post-sentencing behavior" and citing U.S.S.G. § 1B1.10 cmt. n.1(B)(iii)). Indeed, as evidenced in compassionate release applications before it, the Court gives serious consideration to evidence of rehabilitation as bearing on the "history and characteristics of the defendant," *United States v. Russo*, ___ F. Supp. 3d ___, 2022 WL 16627450, at *8 (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)), as well as changes in sentencing law. However, the violent nature of Lake's conduct (including four murders) and his later attempts to minimize his involvement and falsely implicate others militate against any further reduction. The resulting sentence of 468 months (i.e., 39 years) properly balances those competing factors.

Accordingly, the Clerk is directed to amend Lake's judgment of conviction and sentence to reflect a sentence of 408 months on Count 3 and a total sentence of 468 months. The judgment shall remain otherwise unchanged.

**SO ORDERED.**

                                                                              _/S/ Frederic Block_____
                                                                              FREDERIC BLOCK
                                                                              Senior United States District Judge

Brooklyn, New York
November 18, 2022